Karen POWELL, Plaintiff,

v.

Larry ADAMS, Sarah B. Thulin, Verne Conder, Mark A. Blozinski, Rebecca Leighton, Earl (Mike) Miller, Gary Vanden Busch, Other Unknown Defendants, and City of Green Bay, its City Council and Plan Commission, Defendants.

No. 89–C–1503.

United States District Court, E.D. Wisconsin.

April 29, 1991.

Challoner Morse McBride, Sturgeon Bay, Wis., for plaintiff.

Judith Schmidt–Lehman and Mark Warpinski, Milwaukee, Wis., for city defendants.

Hanaway, Ross, Hanaway, Weidner, Garrity & Bachhuber by Gary R. Weidner, Green Bay, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, Karen Powell, has filed a "Motion to Remove City Corporate Counsel as Attorneys for Some Defendants Because of Conflict of Interest." For the reasons discussed below, her motion will be denied.

Although the briefs of both sides place major reliance upon the Rules of the Supreme Court of Wisconsin, this court is obligated to decide the legal questions posed by the instant motion under *federal* law. *See Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir.1982) (resolving a motion for disqualification of counsel by recourse to prior federal case law). That is not to say that the standard this court will apply is dissimilar to that applicable to those attorneys who practice before the Wisconsin Supreme Court. For the most part, both court systems have adopted guidelines, known as the Model Rules of Professional Conduct, promulgated by the American Bar Association [ABA]. *See, e.g., Rand v. Monsanto Co.*, 926 F.2d 596, 600 (7th Cir.1991); *see also* Wisconsin Supreme Court Rule 20.1.1 *et seq.*

In her motion, the plaintiff asserts the following reasons for disqualifying the office of the city attorney:

1. Attorney Timothy J. Kelley is *the* City Attorney for the City of Green Bay and will be a witness for the Plaintiff in the above-entitled matter.

2. Attorney Kelly and the City Attorney's Office were actors and participated in the entire process of the Powell request for change in zoning and conditional use permit.

3. Attorney Kelley was asked to and did render an opinion concerning the placing of conditions upon an already-issued conditional use concerning the Powell application.

4. Attorney Kelley had conversations with Keith Powell and Attorney Fred Mohr, Plaintiff's agents, concerning the Powell conditional use permit.

5. As such, Attorney Kelley is a material witness in this action.

6. It is a conflict for the City Attorney's Office to act both as witness and attorney for the City in this action.

(emphasis in original).

The relief sought by the plaintiff is the removal—disqualification—of the city attorney's office from appearing in the action. Disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir.1983) (*quoting Freeman v. Chicago*

*Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir.1982)).

In her motion and supporting brief, Ms. Powell asserts that the grounds for disqualifying the entire office of the city attorney are that the city attorney will be a material witness in the case and that the city attorney "entered into a fiduciary relationship" with her husband. Brief at p. 4. Model Rule 1.7 governs improper conflicts of interest, whereas Model Rule 3.7 addresses the problem of the lawyer-advocate as witness. After reviewing the applicable rules, the court is unpersuaded that the "drastic measure" of disqualification is justified by the circumstances in the case at bar.

The plaintiff contends that the entire staff of the city attorney's office must be disqualified from appearing in the case because the city attorney, Timothy Kelley, allegedly formed an attorney-client relationship with Keith Powell, the plaintiff's husband. Model Rule 1.7, the applicable law, generally calls for lawyers to create a lawyer-client relationship with but one of the adversaries in a legal cause. *See also* Wisconsin Supreme Court Rule 20:1.7. Furthermore, Model Rule 1.9, limits lawyers from entering into new lawyer-client relationships that affect the interests of former clients. *See also* Wisconsin Supreme Court Rule 20:1.9. *Cf. LaSalle National Bank v. County of Lake*, 703 F.2d 252, 255 (7th Cir.1983) (applying the Model Code).

Under certain circumstances, such conflicts of interests pertaining to one member of a law firm may be imputed to the other members of that firm. *See* Model Rule 1.10; *see also* Wisconsin Supreme Court Rule 20:1.10. *Cf. Schiessle v. Stephens*, 717 F.2d 417, 419–21 (7th Cir.1983); *LaSalle National Bank*, 703 F.2d at 257–58 (applying the Model Code). For purposes of ruling upon the plaintiff's motion, the city attorney's office will be viewed as a conventional "law firm."

However, in this case, there is simply no valid basis for Mrs. Powell's assertion that her husband entered a lawyer-client relationship with the city attorney. This case is entirely different than those cases in which even a potentially disqualifying conflict has been identified. *See, e.g., Schiessle*, 717 F.2d at 418–19; *LaSalle National Bank*, 703 F.2d at 253–55. In each of those cases, the spark igniting the disqualification was the departure of an attorney from one law firm to join another which represents the former client's adversary. That is not the case here. The actions undertaken by Mr. Kelley reveal that he has never swerved from the representation of *his* sole client—the city. *See* Wis.Stat. § 62.09(12) (enacting the obligation of a city attorney to "conduct all the law business in which the city is interested").

There is no dispute that the plaintiff's husband, Keith Powell, approached the city attorney with questions about his effort to obtain a conditional use permit and that Mr. Kelley and Mr. Powell engaged in conversations about the zoning requests. The plaintiff's conclusion that such discussions transformed the city attorney into the plaintiff's lawyer is unsustainable.

It is clear that no lawyer-client relationship was ever formed between the city attorney and the plaintiff's husband. Correspondingly, there is no improper conflict of interest within Model Rules 1.7 or 1.9. Accordingly, there is no basis for disqualifying the office of the city attorney from this action.

The plaintiff's alternate contention that the city attorney's office must be disqualified from appearing in the case because one of its members, Mr. Kelley, will testify as a witness has no basis in law. Model Rule 3.7(b), to which this court looks for guidance, states as follows:

A lawyer may act as advocate in a trial in which another lawyer in the firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or 1.9.

*See also* Wisconsin Supreme Court Rule 20:3.7(b). While Model Rule 3.7(a), with exceptions not implicated here, calls for the disqualification of a lawyer who seeks both to appear as an advocate and to testify as a witness, what Model Rule 3.7(b) contemplates is that all members of a law firm

would *not* have that disqualification imputed to them unless there was an imputed conflict of interest under Model Rules 1.7 or 1.9.

As the court has already determined, the plaintiff has utterly failed to demonstrate that a conflict of interest exists by virtue of Mr. Kelley's unremarkable contacts with the plaintiff's husband. Mr. Kelley, therefore, is not restricted by Model Rule 3.7(a) from testifying as a witness; nor are his associates barred from appearing in the action.

Therefore, IT IS ORDERED that the plaintiff's motion to remove the city attorney's office as attorney for the city defendants be and hereby is denied.